JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Douglas Vaughn, appeals the ruling of the Cuyahoga County Court of Common Pleas denying Vaughn's motion to suppress. Finding no error in the proceedings below, we affirm.
 {¶ 2} Vaughn was charged with carrying a concealed weapon, a felony of the fourth degree, and having a weapon while under disability, a felony of the third degree. Vaughn filed a motion to suppress, and a hearing was held.
 {¶ 3} At the hearing, Officer John Lundy from the Cleveland Police Department, an 18-year veteran of the police force, testified that in the early morning hours of January 1, 2007, he parked his zone car near the corner of East 55th Street and Woodland Avenue. After the bars close, large crowds gather at the Marathon gas station at that corner. Officer Lundy testified that numerous problems have occurred at this location, including felonious assaults and robberies.
 {¶ 4} Between 4:00 and 4:30 a.m., an unknown male approached Officer Lundy's zone car and informed him that some males were getting ready to fight across the street from the gas station and that someone had a gun. Officer Lundy and his partner drove to that location and observed a black Jeep Cherokee drive away upon their approach. Also, one male ran away, and Vaughn began to walk away.
 {¶ 5} Officer Lundy testified that Vaughn never made eye contact with the police as he walked away. Officer Lundy stated that he observed what looked like a *Page 2 
weapon inside the pants pocket or inside the hip area of Vaughn's pants. He also testified that Vaughn was walking with a limp, as if he had something in his pocket. Officer Lundy could see a bulge, which was in the shape of a gun. He later testified: "I've been doing this 18 years, you know. I've seen it before. That's what I told my partner. I said, it looks like he has a gun in his pants."
 {¶ 6} Officer Lundy approached Vaughn and told him to keep his hands up. Vaughn said: "Nothing's going on. I didn't do anything." Officer Lundy told him that they were just checking things out. Officer Lundy checked Vaughn for weapons. From the outside of Vaughn's clothes, Officer Lundy felt a gun. A gun was recovered.
 {¶ 7} The trial court found that Officer Lundy had a reasonable articulable suspicion to pat Vaughn down based on the report of a fight with a gun, that the individuals dispersed upon the arrival of police, that it was a high-crime area, that Vaughn walked with a limp, and that Officer Lundy, who has 18 years of experience, could see what appeared to be a gun in Vaughn's pants.
 {¶ 8} After the denial of his motion to suppress, Vaughn pled no contest, and this appeal followed.
 {¶ 9} Vaughn's sole assignment of error states the following:
 {¶ 10} "The trial court erred when it failed to grant the appellant's motion to suppress evidence." *Page 3 
 {¶ 11} Vaughn argues that there was no reasonable articulable suspicion that criminal activity was afoot or that he possessed a weapon.
 {¶ 12} Appellate review of a suppression ruling involves mixed questions of law and fact. See State v. Burnside (2003),100 Ohio St.3d 152, 2003-Ohio-5372. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. SeeState v. Mills (1992), 62 Ohio St.3d 357; State v. Fanning (1982),1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. Burnside, supra, at ¶ 8. But the appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. Id.
 {¶ 13} The Fourth and Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. Unless an exception applies, warrantless searches are per se unreasonable.Katz v. United States (1967), 389 U.S. 347. One exception was created inTerry v. Ohio (1968), 392 U.S. 1, in which the United States Supreme Court balanced the right to be free from unreasonable searches and seizures against the need to protect the police and the public. UnderTerry, a police officer may frisk a detainee's outer clothing for concealed weapons when the officer has a reasonable suspicion that the suspect is armed and dangerous. An officer need not be certain that a detainee is armed, but *Page 4 
the officer's suspicions about the presence of a weapon must be reasonably aroused to conduct this protective search. State v.Smith (1978), 56 Ohio St.2d 405, 407.
 {¶ 14} In Florida v. J.L. (2000), 529 U.S. 266, 268, the United States Supreme Court ruled that "an anonymous tip that a person is carrying a gun" is not, "without more, sufficient to justify a police officer's stop and frisk of that person." In J.L, the police had received an anonymous tip that a young black male wearing a plaid shirt and standing at a bus stop was carrying a gun. They located the male at the bus stop, frisked him, and found a gun. Ruling that the police lacked sufficient cause to stop and search him, the U.S. Supreme Court explained: "An accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." Id. at 272.
 {¶ 15} We find that Officer Lundy had a reasonable suspicion that Vaughn was armed; therefore, a protective search was warranted. Here, the tipster reported that someone had a gun. He reported this information to the police in person, not by an anonymous phone call. This was a high-crime area, and all the individuals dispersed upon police arrival. Vaughn was observed walking with a limp, as if he had something in his pocket. Officer Lundy testified that he saw a bulge in Vaughn's *Page 5 
pants in the shape of a gun. Finally, Officer Lundy testified that in his 18 years on the force, he has seen this type of "limp" numerous times. We find that the tip was sufficiently corroborated to warrant a protective search of Vaughn's person. Accordingly, Vaughn's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and MELODY J. STEWART, J., CONCUR *Page 1